IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON GRANT,

       Plaintiff,

  v.

DIRECTOR GREG VAN RYBROEK,
PROGRAM DIRECTOR JOHN DOE, and
SECURITY DIRECTOR JOHN DOE,

       Defendants.

OPINION AND ORDER

25-cv-868-wmc

---

Plaintiff Jason Grant, who is representing himself while institutionalized, has filed a complaint challenging various conditions of his confinement at a state-operated facility. (Dkt. #1.) Because he is proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any claim brought by plaintiff that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). Although "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that complaint must still meet these minimal standards before the court may grant a self-represented plaintiff leave to proceed *in forma pauperis*. Because plaintiff's complaint lacks detail and contains multiple, unrelated claims involving different defendants, it does not comply with the Federal Rules of Civil Procedure. Therefore, to avoid dismissal of this lawsuit, plaintiff will need to submit an amended complaint that corrects the deficiencies identified below.

OPINION

Plaintiff Jason Grant is presently confined to the Mendota Mental Health Institute ("MMHI"), which operated by the Department of Health Services in Madison, Wisconsin. Grant filed this lawsuit against defendant Greg Van Rybroek, who serves as the Director of MMHI. Grant also sues two John Doe defendants, who are identified as the Program Director and Security Director at MMHI.

Plaintiff identifies seven separate incidents in which the defendants and other unidentified staff members allegedly violated his constitutional rights, though he provides few details in support of those claims:

1. In May 2020, MMHI Director Van Rybroek suspended all religious services due to the COVID 19 pandemic and those services have not been reinstated since that time. Plaintiff does not specify his religious beliefs or state what services he is seeking.

2. Between October 11, 2023, and November 2, 2023, there were six separate occasions when mail was not distributed the day it was delivered by the U.S. Postal Service. Plaintiff claims that Security Director John Doe has adopted a policy that mail not received during first shift will be distributed the next business day.

3. In June 2021, Program Director John Doe refused to transfer plaintiff to a less restrictive unit. Plaintiff, who was released from MMHI sometime thereafter, claims that Program Director John Doe again refused to transfer him to a less restrictive unit after he returned to MMHI in 2025.

4. On an unspecified occasion, plaintiff was coerced into getting vaccinated to participate in treatment because "MMHI" does not allow unvaccinated patents to participate in "work therapy."

5. On another unspecified occasion, "MMHI" denied plaintiff visits from two brothers who had been on his visiting list.

6. In September 2024, while plaintiff was out of custody, "MMHI" denied his request to visit other patients.

7. In June 2025, "MMHI" denied plaintiff a visit from a former patient.

2

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556.  "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

Two of plaintiff's claims are vague as to the date they occurred.  Likewise, several of plaintiff's claims are unattributed to any particular individual or defendant, alleging only that "MMHI" was responsible for violating his rights.  While a plaintiff may use the "John Doe" designation to refer to specific individuals whose names are unknown, a plaintiff will run afoul of the pleading standards in *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 555, by merely asserting that indefinite groups of individuals violated his constitutional rights.  *See Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (finding the phrase "one or more of the Defendants" did not adequately connect specific defendants to illegal acts, and thus failed to adequately plead personal involvement).  Likewise, to the extent that plaintiff has already named two John Doe defendants, he should be able to identify by name the Program Director and the Security Director for those claims since he remains in custody at MMHI and should have access to that information.

3

Those issues aside, plaintiff improperly attempts to bring a series of unrelated claims in a single lawsuit. Under the controlling principle of Rule 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act.[1] *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. The Seventh Circuit has also emphasized that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20; *see also Wheeler v. Wexford Health*

---

[1] The court takes judicial notice that in 2014, the State of Wisconsin filed a complaint against plaintiff in Walworth County Circuit Court Case No. 2014CF000471, alleging first-degree intentional homicide, strangulation and suffocation, and false imprisonment. Plaintiff pleaded guilty to the charges after the close of the State's case in chief but he maintained an accompanying plea of not guilty by reason of insanity ("NGI") for purposes of punishment. The state circuit court judge found him guilty, but also accepted his NGI plea and further found that he posed a significant risk of bodily injury to himself as well as the community and committed him to the Department of Health Services for a 60-year term. *See* Wis. Stat. § 971.17(b). While plaintiff was confined pursuant to this judgment when he filed his complaint, the court does not reach whether the Prison Litigation Reform Act ("PLRA") applies to this case. *See* 28 U.S.C. § 1915(h); *see also Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001) (concluding that a mental patient confined in a state hospital as a result of being found not guilty of a crime by reason of insanity was not a § 1915(h) "prisoner").

*Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

Because plaintiff's complaint presents a series of unrelated claims against multiple defendants in a single lawsuit, the complaint does not comply with Federal Rules of Civil Procedure 18 and 20. Therefore, the court will give plaintiff a short time to respond to this order by explaining which of these claims he wishes to pursue under this case number. After he has informed the court of his choice, the court will treat the portion of his complaint pertaining to those claims as the operative pleading and screen the set of claims that he has chosen. If plaintiff also wishes to proceed on other sets of claims, he should inform the court of that fact and file a separate complaint for those allegations, for which the clerk of court will open a new case. However, plaintiff will owe another filing fee for each new case that is opened.

ORDER

IT IS ORDERED that the complaint filed by plaintiff Jason Grant is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rules of Civil Procedure 18 and 20. Plaintiff has until **May 26, 2026,** to respond to this order as directed in the opinion above. Plaintiff's failure to respond by that deadline will cause the court to dismiss his claims with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Entered this 28th day of April, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5